## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHELTON O. SNEED**<br><br>   **v.**<br><br>**SWARTHMORE COLLEGE** | **CIVIL ACTION**<br><br>**NO.  16-43** |

## MEMORANDUM RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**Baylson, J.**                                                                                              **June 27, 2017**

This is an employment discrimination case, brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981, in which Plaintiff, Shelton O. Sneed, a former Sergeant in Defendant Swarthmore College's ("College") Public Safety Department ("PSD"), contends that the College discriminated against him because of his race in connection with the termination of his employment. The College has moved for summary judgment on Mr. Sneed's claim. It argues that it fired him because he interfered in a sexual harassment investigation pending against another PSD employee in contravention of the direct orders of his supervisor to stay out of it.

Under Section 1981 and well-settled Third Circuit case law, Plaintiff has the initial burden of showing a prima facie case of race discrimination. Swarthmore concedes three of the four elements: namely, that Plaintiff is a member of a protected class, that he had satisfactorily performed the duties required by his position, and that he suffered an adverse employment action. The major dispute in this case arises out of the fourth element: whether similarly-situated non-members of the protected class were treated more favorably, or an adverse job action occurred under circumstances that give rise to inference of discrimination.

Having reviewed the summary judgment papers, the Court concludes that there is no direct evidence of racial discrimination present in this record. Plaintiff's opposition to Defendant's Motion for Summary Judgment rests entirely on Plaintiff's attempts to show that

other employees, who were white males, were treated more favorably than Plaintiff. Also, essential to Plaintiff's claim is that Defendant did not offer Plaintiff any so-called "progressive discipline," but terminated him upon learning of Plaintiff's interference in the sexual harassment investigation which was pending against another PSD employee.

Plaintiff's brief has assembled detailed facts concerning eight (8) other PSD employees, none of whom were African American, who arguably received less harsh treatment and/or "progressive discipline," upon violation of internal regulations. The College asserts that these individuals are not appropriate "comparators" because five of them were subordinate to Plaintiff, two others did not hold the same job or perform the same functions as Plaintiff, and the eighth, although a Sergeant like Plaintiff, committed a less serious infraction about which there is no admissible evidence. In support of its argument, the College cites several cases where other district courts have declined to consider subordinate employees as appropriate "comparators" to a supervisor such as Plaintiff. See, e.g., Hamilton v. SEPTA, No. 12-804, 2014 WL 2862146, at *8 (E.D. Pa. June 24, 2014); Dellapena v. Tredyffrin/Easttown Sch. Dist., No. 09-6110, 2011 WL 130156, at *7 (E.D. Pa. Jan. 13, 2011).

However, the College does not cite, and this Court has not found, any Third Circuit case justifying this conclusion, and this Court is unwilling, in a case alleging racial discrimination, to find that there is no genuine issue of fact, and grant summary judgment against Plaintiff. Instead, this Court believes that the comparator issue should be flushed out in a jury trial, with appropriate instructions to the jury. The College can assert its legal position at the close of Plaintiff's case, or if it is found liable, in post-trial motions.